UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| In re: | ) | |
| Susan Marie Dandridge, | ) | Bankruptcy Case No. 08-23680 |
| | ) | |
| | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| Susan Dandridge, on | ) | |
| behalf of herself and all others | ) | |
| similarly situated, | ) | |
| | ) | Case No. 09-2470-SVK |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Aurora Health Care, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## Plaintiff's Response to Motion to Withdraw Reference

Plaintiff hereby responds to Defendant's Motion to Withdraw Reference filed on December 31, 2009.[1] Although Plaintiff Susan Dandridge has duly requested a jury trial and Defendant Aurora has indicated that it will not consent to a jury trial in the bankruptcy court,[2] the case can be transferred to this District Court if and when a jury trial is to be commenced. There is no other legitimate reason for withdrawal of the District Court's Order of Reference dated July 10, 1984. Consequently, this Court should deny Defendant's Motion in part, allowing the parties

---

[1] This case is related to two other cases with like Motions pending before this Court, 09-C-1201 and 09-C-1202. For ease of administration and for clarity, all Plaintiffs in the three cases suggest that the Court first read and consider the Motion and Response in 09-C-1202.

[2] See, Aurora Health Care, Inc.'s Brief In Support Of Its Motion to Withdraw the Reference dated December 30, 2009 at 2.

to resubmit the Motion after discovery, pre-trial motions, and indication from the Bankruptcy Court that a jury trial is appropriate, imminent and a party objects to the Bankruptcy Judge conducting the jury trial.  See, 28 U.S.C. § 157 (e).

**Procedural Status**

The Dandridge Case, unlike the related cases before this Court,[3] has not progressed to the point that a Motion for Remand (or abstention) has been heard at the bankruptcy court level.  Currently, the case is assigned to Judge Pepper in the Bankruptcy Court, but by the time this Response is considered, Dandridge like the related cases will be pending before Judge Kelley.  Therefore, the arguments here mirror the arguments made in response to the Motion To Withdraw Reference in Bembenek v. Aurora Health Care, Inc., District Court Case No. 09-C-1201.[4]

**Argument**

Plaintiff has a one count complaint and alleges that Aurora violated a Wisconsin State Statute protecting confidentiality of patient health care records.  Wis. Stat. §146.82.  Plaintiff's theory of the case is that Aurora's release of patient health care records as attachments to Proofs of Claim Aurora regularly files in Chapter 13 cases in the Eastern and Western Districts of Wisconsin Bankruptcy Courts[5], makes public patient health care records protected by the State law.  The State law allows (as an exemption from privacy protections for health care records) use of the records "to the extent needed" for collection.  The parties disagree on whether the release of patient health care records was needed given the Bankruptcy Code and Rules.

---

[3] See, footnote 1.
[4] The Dandridge and Bembenek matters were filed as one case in the Wisconsin State Court, but were split by Defendant Aurora or the Bankruptcy Court Clerk's Office upon being removed to Federal Bankruptcy Court.  See, Dandridge, et. al v. Aurora Health Care, Inc., Wisconsin Circuit Court, Milwaukee County, 2009CV017685 (filed Nov. 9, 2009, removed December 7, 2009).
[5] The Ortiz case only sought class representation of plaintiffs in the Eastern District of Wisconsin.  The Bembenek and Dandridge case, was originally filed in State Court and sought to represent claimants throughout the state.

2

Both Plaintiff (and Bembenek) believed that the matter was properly a state court issue. Bembenek filed a Motion For Remand which Judge Kelley denied, concluding that the matter should proceed before the Bankruptcy Court.[6]

Judge Kelley who had discretion to remand the matter back to the State Court and thereby refuse jurisdiction, chose not to remand. Judge Kelley's analysis on remand is that same analysis used in the Memorandum Decision and Order Denying Plaintiffs' Motion To Abstain, <u>Ortiz, et.al. v. Aurora Health Care</u>, <u>Inc</u>., E.D.WI. Bankr. Adversary Case No. 09-2199 ("Ortiz Memorandum Decision"), dated January 5, 2010.[7] <u>See</u>, Bembenek Memorandum Decision at 3-6.

In the Ortiz Memorandum Decision, after reviewing extensive briefs, the record and the proceedings, Judge Kelley found:

> the overriding critical issue in this case involves bankruptcy law. This adversary proceeding started when Aurora filed proofs of claim that allegedly violate privacy laws. But for the proofs of claim --pleadings that are unique to the bankruptcy court -- this adversary proceeding would not have been filed. The inception of this adversary proceeding in bankruptcy court, beginning with the filing of proofs of claim in the Debtors' bankruptcy cases, means that the proceeding falls within the core jurisdiction of this Court. Aurora concedes as much. *See* Aurora's Brief at 10-11 (noting "it is clear that the claim asserted in this adversary proceeding arises in title 11 cases… therefore, a core proceeding")."

Ortiz Memorandum Decision at 6.

The at bar case turns on whether, according to the Bankruptcy Code and Rules, Aurora needed to make public disclosures of patient health care records. If bankruptcy law did not require the disclosures, a jury must determine whether the acts were negligent or intentional and assign damages in accord with the Wisconsin Statutes regulating disclosures of patient health

---

[6] Memorandum Decision and Order Denying Motion To Remand, <u>Bembenek, et.al. v. Aurora Health Care</u>, <u>Inc</u>., E.D.WI. Bankr. Adversary Case No. 09-2469 ("Bembenek Memorandum Decision"), dated January 6, 2010. (Exhibit A, attached).
[7] Exhibit B, attached.

3

care information.[8]

The court most familiar with the nuances of the Bankruptcy Code and Rules is certainly the one which is automatically referred bankruptcy cases in this district. Aurora attacks Judge Kelley's ability to handle pre-trial procedural motions like class certification. Class actions in bankruptcy courts are rare. Procedural motions and interpretation of the Bankruptcy Court and Rules is the expertise of Bankruptcy Courts. Class certification is a procedural motion and the pre-trial issues which make federal courts proper for jurisdiction here are specifically bankruptcy laws.

Federal Rule of Bankruptcy Procedure 7023 makes Fed. R. Civ. P. 23 applicable in adversary proceedings in Bankruptcy Court. If the United States Supreme Court and Congress believed Rule 23 is too sophisticated for Bankruptcy Court Judges to apply, surely the rule makers would not have adopted Federal Rule of Bankruptcy Procedure 7023. Not all Rules of Civil Procedure were adopted into the Federal Rules of Bankruptcy Procedure. See generally, Fed. R. Bankr. P. 7001, *et. seq*.

All other arguments made by Aurora support the movement of **all** adversary cases from bankruptcy courts to district courts. Following Aurora's logic, the Bankruptcy Court is inappropriate for any adversary proceeding. Certainly, that is not the intent of Congress in creating bankruptcy courts or of the District Court in its Order of Reference.

In addition, jurisdiction in this case is only proper in the Federal Courts based upon 28 U.S.C. §1334, governing bankruptcy cases. Without the unique issues of bankruptcy law, there is no federal jurisdiction.

Federal jurisdiction sans bankruptcy can only be based on a federal question or diversity of citizenship. Federal question jurisdiction is limited to "all civil actions arising under the

---

[8] Wis. Stat. § 146.84 allows a trier of fact to assess actual damages, exemplary damages, costs and reasonable actual attorneys' fees.

Constitution, laws, or treaties…" 28 U.S.C. §1331.  Absent bankruptcy, an action under Wis. Stat. §146.82 presents no federal question.  Diversity jurisdiction does not exist if both Plaintiff and Defendant are citizens of the same state.  The Plaintiff is a citizen of Wisconsin and the Defendant is a corporation incorporated in Wisconsin and by operation of 28 U.S.C. §1332 (c)(1) is deemed a citizen of Wisconsin as well.

The only legitimate argument for withdrawal of the bankruptcy court reference is the jury trial limitation placed on bankruptcy courts by 28 U.S.C. § 157 (e).  This was duly addressed by Judge Kelley as follows:

> If the [] Debtors are entitled to a jury trial, all parties consent, and the District Court authorizes this Court to do so, this Court could conduct a jury trial. See 28 U.S.C. § 157(e). In its Motion to Withdraw the Reference, Aurora has stated that it will not consent to this Court's conduct of the jury trial; if the reference is withdrawn, the District Court could conduct a jury trial. However, even if the reference is not withdrawn, this Court could still handle all of the pretrial motions, discovery determinations and other preliminary matters, and transfer the case to the District Court to conduct the jury trial. *See, e.g., Doucet v. Drydock Coal Co. (In re Oakley),* 2007 U.S. Dist. LEXIS 15684 (S.D. Ohio Mar. 6, 2007) (judicial economy would be served by keeping the matter in bankruptcy court for the resolution of pretrial matters even if the action was ultimately transferred for jury trial).

Bembenek Memorandum Decision at 6.

Consequently, the Motion should be denied at this time.

Dated:  January 13, 2010                    Respectfully submitted,


                                            WATTON LAW GROUP


                                               s/Michael J. Watton
                                            Michael J. Watton, Esq.
                                            Michael J. Maloney, Esq.
                                            Victoria Kies Garoukian, Esq.
                                            700 North Water Street, Suite 500
                                            Milwaukee, WI  53202
                                            Tel: 414-273-6858
                                            Fax: 414-273-6894


                                            Attorneys for Plaintiffs